IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON HENLEY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BAYER CORPORATION, et al.,<br><br>　　　　Defendants.<br>_____/ | No. C-10-1366 MMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STAY PROCEEDINGS; VACATING MAY 21, 2010 HEARING ON MOTION TO STAY; VACATING MAY 28, 2010 HEARING ON MOTION TO REMAND** |

　　　　Before the Court is the motion of defendants Bayer Corporation, Bayer Healthcare LLC, and Bayer Healthcare Pharmaceuticals Inc. (collectively, "Bayer") to "Stay Proceedings Pending Transfer by the Judicial Panel On Multidistrict Litigation to MDL No. 2100," filed April 15, 2010.  Plaintiff Sharon Henley has filed opposition, to which Bayer has replied.  Having read and considered the papers filed in support and in opposition to the motion, the Court finds the matter suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for May 21, 2010, and rules as follows.

　　　　In the instant complaint, plaintiff alleges she has incurred injuries following her "ingestion of the pharmaceutical drug Yaz and/or Yasmin."  (See Compl. ¶ 55.)  A number of complaints raising similar claims are pending in a coordinated proceeding before the Southern District of Illinois titled In re: Yasmin and Yaz (Drospirenone) Marketing, Sales

Practices and Products Liability Litigation, MDL No. 2100.  (See Defs.' Mot. Ex. A.)  On April 21, 2010, the Judicial Panel on Multidistrict Litigation ("JPML") conditionally transferred the instant action to the Southern District of Illinois for inclusion in MDL No. 2100.  (See Supp. Schwartz Decl. Ex. A.)  Bayer argues the Court should stay all proceedings pending the JPML's ultimate determination as to whether the instant action will be transferred.

District courts have identified the following factors to be considered when determining whether to stay an action pending a decision by the JPML with respect to transfer of an action:  "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated."  See Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

Before addressing the above factors, the Court notes at the outset that, other than the instant motion to stay, the only matter pending before the Court is plaintiff's motion to remand.  Accordingly, the issue before the Court is, in effect, whether this Court should consider the merits of plaintiff's motion to remand, which motion is fully briefed and is presently set for hearing on May 28, 2010, or, instead, stay the instant action with the understanding that transferee court will consider the motion to remand.

With respect to the first of the above-listed factors, plaintiff argues that she will be prejudiced if her motion to remand is not heard before this Court because she will need to rebrief the motion in the Southern District of Illinois and, if the Southern District were to wait to issue a ruling and ultimately remand the matter, she will "miss out on the rapidly proceeding JCCP in California."[1]  (See Pl.'s Opp. at 7:2-6.)  Plaintiff fails to show, however, why she would need to rebrief her motion to remand under such circumstances, as opposed to simply renoticing the motion for hearing pursuant to the Civil Local Rules of the

---

[1]Judicial Council Coordination Proceeding No. 4608, titled Yaz, Yasmin and Ocella Contraceptive Cases, is pending in the Superior Court of California, in and for the County of Los Angeles.  (See Pl.'s Opp. Ex. C.)  Plaintiff asserts that if the instant case is remanded to state court, it will be transferred to such coordinated proceeding.

1 transferee district.  Similarly, assuming the transferee court were to grant the motion to
2 remand at some later date, plaintiff fails to show she would be deprived of the opportunity
3 to fully participate in the coordinated proceeding pending in California state court.
4 Consequently, plaintiff has failed to show she will suffer any cognizable prejudice if a stay is
5 imposed.

6       As to the second factor, Bayer, for its part, has not identified any specific hardship or
7 inequity to which it may be subjected in the event this Court, as opposed to the Southern
8 District of Illinois, considers the merits of plaintiffs' motion to remand.  As noted, the motion
9 to remand is fully briefed, and simply awaits determination by a court.  Consequently, there
10 is no showing of prejudice to Bayer if a stay is not imposed.

11       Finally, the Court turns to the question of whether judicial resources would be
12 conserved if the matter is stayed.  The issue presented by plaintiff's motion to remand is
13 whether McKesson Corporation has been fraudulently joined as a defendant to the instant
14 action.  As both parties acknowledge, the issue of whether McKesson Corporation is a
15 proper defendant in cases alleging injuries based on the ingestion of Yaz or Yasmin has
16 been presented in a number of motions to remand.  The transferee court has issued at
17 least one order addressing the merits of a motion to remand where the plaintiff argued that
18 the joinder of McKesson Corporation as a defendant was not fraudulent (see Defs.' Notice
19 of Recent Decision, filed May 14, 2010); as a result, that court is already familiar with the
20 very issues presented by plaintiff's motion.[2]  Under such circumstances, a stay of the
21 instant matter will serve the interests of judicial economy as well as consistency.  Indeed, in
22 recognition of such factor, a number of district court judges have issued stays of
23 proceedings under circumstances similar to those presented herein.  (See Schwartz Decl.
24 Exs. C, F, G, K, L, R, S.)
25 //

---

27/28 [2]Plaintiff fails to point to any issue in her motion to remand that is specific to the instant action, i.e., an issue that is unlikely to be presented in any other complaint pending before the transferee judge.

In sum, because plaintiff has failed to identify with any degree of particularity the prejudice she is likely to incur if this case is stayed pending the JPML's decision on the issue of transfer, and because a stay will both conserve judicial resources and promote consistency in the determination of common issues, the Court finds a stay of the proceedings herein is appropriate.

Accordingly, Bayer's motion for a stay is hereby GRANTED.

In light of such ruling, the May 28, 2010 hearing on plaintiff's motion to remand is hereby VACATED.

**IT IS SO ORDERED.**

Dated: May 17, 2010

MAXINE M. CHESNEY  
United States District Judge