A CERTIFIED TRUE COPY
ATTEST

By Tarrell L. Littleton on Aug 06, 2010

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Aug 06, 2010

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

**FILED**

AUG 0 6 2010

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

IN RE: YASMIN AND YAZ (DROSPIRENONE)
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION
Sharon Henley v. Bayer Corp., et al.,   10-20380-DRH-PMF
N.D. California, C.A. No. 3:10-1366   )

MDL No. 2100

### TRANSFER ORDER

**Before the entire Panel**[*]: Plaintiff in this Northern District of California action moves, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate our order conditionally transferring the action to the Southern District of Illinois for inclusion in MDL No. 2100. Defendants Bayer Corp., Bayer HealthCare LLC and Bayer HealthCare Pharmaceuticals Inc. (collectively Bayer) oppose the motion to vacate. The other named defendants did not respond to the motion.

After considering all argument of counsel, we find that this action involves common questions of fact with the actions in this litigation previously transferred to the Southern District of Illinois, and that transfer of this action to the Southern District of Illinois for inclusion in MDL No. 2100 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of this action is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Southern District of Illinois was a proper Section 1407 forum for actions sharing factual questions relating to alleged injuries from ingestion of oral contraceptives containing drospirenone. *See In re Yasmin and Yaz (Drospirenone) Marketing, Sales Practices and Products Liability Litigation*, 655 F.Supp.2d 1343 (J.P.M.L. 2009).

Plaintiff in the action before the Panel can present her motion for remand to state court to the transferee court. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Southern District of Illinois and, with the consent of that court, assigned to the Honorable David R. Herndon for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

---

[*]   Judge Heyburn took no part in the decision of this matter.

SOUTHERN DISTRICT OF ILLINOIS
CERTIFIED TRUE COPY
By _____
Deputy Clerk
Date 08-09-10

-2-

PANEL ON MULTIDISTRICT LITIGATION

_____
Robert L. Miller, Jr.
Acting Chairman

| | |
|---|---|
| John G. Heyburn II, Chairman* | Kathryn H. Vratil |
| David R. Hansen | W. Royal Furgeson, Jr. |
| Frank C. Damrell, Jr. | Barbara S. Jones |